# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT BRETON PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:18-cv-01021** |
| | ) | **Judge Aleta A. Trauger** |
| **DONALD J. TRUMP, Current USA** | ) | |
| **President,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Before the court is plaintiff Robert Breton Phillips' Complaint for a Civil Case (Doc. No. 1), purporting to state claims against Donald J. Trump, Current USA President.[1] In addition, the plaintiff has filed an Application to Proceed in District Court Without Prepaying Costs. (Doc. No. 2.) Following the filing of that application, the plaintiff paid in full the $400 filing fee. (*See* Doc. No. 4.) The plaintiff has also filed a Motion for Use of Public Information. (Doc. No. 6.)

### I.    *In Forma Pauperis* Application

Because the plaintiff has paid the filing fee, his application to proceed *in forma pauperis* (Doc. No. 2) will be denied as moot.

### II.    Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[1] The court notes that this is the second such action filed in this court. The prior action, *Phillips v. Trump*, No. 3:17-cv-00846, was dismissed in June 2017 as a result of the plaintiff's filing a Motion to Withdraw Case, which Chief Judge Crenshaw construed as a Rule 41 motion for voluntary dismissal. Seven months later, the plaintiff sought to re-open the case. The court denied the motion on the grounds that the court lacked subject-matter jurisdiction.

(1994) (citations omitted). This court has a duty to consider its subject-matter jurisdiction in regard to every case and may raise the issue *sua sponte*. A*nswers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

There are two basic types of jurisdiction: federal-question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction under § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). He invokes diversity jurisdiction when he presents a claim between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a). The district court is to presume that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the plaintiff. *Kokkonen*, 511 U.S. at 377.

When a plaintiff fails to establish jurisdiction, the court must dismiss the case without prejudice. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

### III. Factual Allegations

The Complaint in this action seeks judgment against the President of the United States based on official actions taken and policy decisions made while in office, including "depriving liberty to minorities & women," "owning large businesses during Presidency," "firing people sworn to investigate him," and generally "being a 'shit-hole' President." (Doc. No. 1, at 4.) Rather than damages, the plaintiff seeks equitable relief in the form of giving the President "a

chance to admit to Treason and/or crimes against humanity in open court" and requiring him to provide "information and data deemed about the defendant to be sent to Congress (U.S.) for Impeachment proceedings should Congress (U.S.) decide to being the proceedings." (*Id.*)

## IV.    Analysis

The plaintiff asserts federal question jurisdiction based on alleged constitutional violations. However, as Judge Crenshaw found based on essentially identical pleadings, the plaintiff is actually attempting to bring criminal charges against the President and to institute impeachment proceedings against him, neither of which he has standing to do. A private citizen lacks standing to initiate criminal proceedings or to compel the state to pursue a criminal action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692–93 (6th Cir. 1994). And it is well established that, because the United States Constitution confers upon the House of Representatives and the Senate, respectively, the power to impeach and the power to try all impeachments, "a federal court cannot exercise judicial authority to order impeachment of the President of the United States or to conduct an impeachment proceeding." *Hyland v. Clinton*, 208 F.3d 213 (Table), 2000 WL 125876, at *1 (6th Cir. 2000) (citing U.S. Const. Art. I, § 2, cl. 5 and Art. I, § 3, cl. 6).

Moreover, the Complaint largely encompasses general political grievances without alleging that the plaintiff personally suffered a concrete injury as a result of the President's actions. To bring a lawsuit over which this court may exercise jurisdiction under Article III of the Constitution, the plaintiff must have standing to sue. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)).

The plaintiff here does not allege that he has suffered a direct and immediate violation of his own constitutional or other federal rights. Rather, he disagrees with the President's political positions and conduct while in office and contends that those actions constitute "Breach of Peace," "Bribery," "Obstruction of Justice," and "Failure to Insure Domestic Tranquility" as required of the President by the United States Constitution. (Doc. No. 1, at 3.) The Supreme Court, however, has made it clear that "a plaintiff claiming only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

Because the plaintiff lacks standing, the court lacks subject-matter jurisdiction over this action. Further, it is apparent that amending the Complaint could not cure the deficiencies identified. *See Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (where a plaintiff's claim is "totally implausible" and the court lacks subject-matter jurisdiction, the district court is not required to afford the plaintiff the opportunity to amend his complaint).

## V.     Conclusion and Order

This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) and all other motions, including the Motion for Use of Public Information (Doc. No. 6), are **DENIED** as moot.

This is the final order in this case for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 7th day of November 2018.

_____
ALETA A. TRAUGER
United States District Judge